Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| NORFE GROUP CORP.<br><br>Apelante<br><br>v.<br><br>QBE INSURANCE CORP. Y OTROS<br><br>Apelada | KLAN202401088 | APELACIÓN Procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm.: SJ2022CV02689<br><br>Sobre: Incumplimiento de contrato |

Panel integrado por su presidenta, la Juez Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm

Álvarez Esnard, jueza ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 31 de enero de 2025.

Comparece ante nos Norfe Group Corp. ("Norfe" o "Apelante") mediante *Apelación* presentada el 5 de diciembre de 2024 y nos solicita que revoquemos la *Sentencia* emitida el 10 de septiembre de 2024, por el Tribunal de Primera Instancia, Sala de San Juan ("foro primario" o "foro *a quo*"), notificada el 13 de septiembre del mismo año. Mediante dicho dictamen, el foro *a quo* declaró *Ha Lugar* la solicitud de sentencia sumaria presentada por Óptima Seguros y desestimó la causa de acción instada por el Apelante.

Ante el incumplimiento injustificado de Norfe con el requisito de notificación al foro primario dentro del término de cumplimiento estricto de las setenta y dos (72) horas siguientes a la presentación del recurso, según dispuesto en la Regla 14 (B) del Reglamento del Tribunal de Apelaciones, 4 LPRA

Ap.XXII-B, R.14(B), desestimamos la Apelación presentada por Norfe.

I

El tracto procesal del caso de epígrafe comenzó el 6 de abril de 2022, fecha en que Norfe presentó *Demanda* sobre incumplimiento de contrato de seguros contra QBE Insurance Corp. ("QBE"), Óptima Seguros y ciertos demandados de nombre desconocido.[1] En ajustada síntesis, Norfe alegó que QBE aseguró el edificio comercial propiedad de Norfe mediante una póliza con vigencia de 9 de diciembre de 2016 al 9 de diciembre de 2017 y que el paso del Huracán María en septiembre de 2017 causó daños considerables al edificio asegurado. De igual forma, Norfe, arguyó que el edificio asegurado sufrió además, actos de vandalismo que destruyeron todo el sistema eléctrico y de aire acondicionado y que, tras el paso del Huracán María sobre Puerto Rico, Óptima Seguros compró los activos de QBE. En esencia, la Apelante adujo que, tanto QBE como Óptima Seguros realizaron un esquema ilegal de ajustes para reducir en más de la mitad su reclamación. Asimismo, Norfe sostuvo que estas aseguradoras se negaron además, a pagar la partida solicitada por daños ocasionados por actos de vandalismo y solicitó al foro *a quo* que declarara que tanto QBE como Óptima Seguros eran responsables de pagar la totalidad de la cantidad solicitada por los daños de vandalismo, más el pago de gastos y honorarios de abogados.

---

[1] Véase, Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Caso (SUMAC) en el caso **Civil Núm. SJ2022CV02689**.

En respuesta, el 18 de enero de 2023, Óptima Seguros presentó *Contestación a la Demanda*.[2] En esta, negó ciertas alegaciones, levantó defensas afirmativas y, además, solicitó la desestimación de la Demanda presentada por el Apelante. Tras varios trámites procesales, el 1 de mayo de 2024, Óptima Seguros presentó *Moción de Sentencia Sumaria*.[3] En síntesis, esbozó que no existía controversia de hechos que impidiera al foro primario desestimar la reclamación de Norfe. Optima Seguros argumentó que al atender y resolver el reclamo de la Apelante, cumplió a cabalidad con los términos y condiciones de la póliza.

Por su parte, el 1 de julio de 2024, Norfe presentó *Moción de Sentencia Sumaria Parcial*.[4] Adujo que aunque no existían hechos materiales en controversia, Óptima Seguros debía cumplir con lo pactado en el contrato de seguros. En esa fecha Norfe presentó además, *Oposición a Sentencia Sumaria*.[5] En esencia, adujo que los argumentos para oponerse a ésta se sustentaban en la solicitud de sentencia sumaria parcial que la Apelante había presentado.

Posteriormente, el 2 de agosto de 2024, Óptima Seguros presentó *Oposición a "Moción de Sentencia Sumaria Parcial"*.[6] Por su parte, el 30 de agosto de 2024, el Apelante presentó *Breve Réplica a Oposición de Sentencia Sumaria Parcial* en la cual respondió a algunos de los argumentos que Óptima Seguros incluyó en su escrito de oposición.[7]

---

[2] Véase entrada número 28 de SUMAC.
[3] Véase entrada número 98 de SUMAC.
[4] Véase entrada número 117 de SUMAC.
[5] Véase entrada número 118 de SUMAC.
[6] Véase entrada número 127 de SUMAC.
[7] Véase entrada número 133 de SUMAC.

Finalmente, tras evaluar las posturas de las partes, el 10 de septiembre de 2024, el foro primario emitió *Sentencia* en la que declaró *Ha Lugar* la *Moción de Sentencia Sumaria* presentada por Óptima Seguros, y *No Ha Lugar* la *Moción de Sentencia Sumaria Parcial* presentada por Norfe.[8] En dicha Sentencia el foro *a quo* desestimó la totalidad de la causa de acción incoada por el Apelante.

Así las cosas, el 23 de septiembre de 2024, Óptima Seguros presentó *Solicitud de Conclusiones de Derecho Adicionales Conforme a la Regla 43.1 de Procedimiento Civil para la Imposición de Honorarios de Abogados por Temeridad.*[9] El 15 de octubre de 2024, mientras estaba pendiente de adjudicación ante el foro primario la *Solicitud de Conclusiones de Derecho Adicionales Conforme a la Regla 43.1 de Procedimiento Civil para la Imposición de Honorarios de Abogados por Temeridad*, Norfe presentó ante nos una Apelación cuya designación alfanumérica es KLAN202400922.

A solicitud de Optima Seguros, a la cual se allanó la Apelante, el 8 de noviembre 2024, emitimos Sentencia mediante la cual desestimamos el recurso presentado por Norfe por falta de jurisdicción, por ser un recurso prematuro. Regla 83 (B) del Reglamento del Tribunal de Apelaciones.

Continuado el trámite procesal ante el foro *a quo*, el 26 de noviembre de 2024, el foro primario declaró *No Ha Lugar* la *Solicitud de Conclusiones de Derecho Adicionales Conforme a la*

---

[8] Véase entrada número 136 de SUMAC.
[9] Véase entrada número 138 de SUMAC.

*Regla 43.1 de Procedimiento Civil para la Imposición de Honorarios de Abogado Por Temeridad* presentada por Norfe.[10]

El 5 de diciembre de 2024, Norfe presentó el recurso de epígrafe. Mediante *Resolución* de 16 de diciembre de 2024, notificada el 18 de diciembre del mismo año, requerimos a Norfe acreditar el cumplimiento con la Regla 14 (B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. R. 14.

El 18 de diciembre de 2024, Norfe notificó al foro primario de la presentación del recurso de epígrafe.[11] Así las cosas, el 27 de diciembre de 2024, Optima Seguros presentó ante nos *Moción de Desestimación Por Falta de Jurisdicción Bajo la Regla 83 (B) del Reglamento del Tribunal de Apelaciones*. Allí adujo que carecíamos de jurisdicción para atender la Apelación presentada por Norfe, toda vez que la Apelante incumplió con la Regla 14 (B) del Reglamento del Tribunal de Apelaciones, al no notificar al foro primario de la presentación del recurso, dentro del término de setenta y dos (72) horas de su presentación.

Mediante *Resolución* de 9 de enero de 2025, notificada el 14 de enero del corriente año concedimos a Norfe un término de cinco días, para expresarse en torno a la solicitud de desestimación presentada por Optima Seguros el 27 de diciembre de 2024. A solicitud de Norfe, el 22 de enero de 2025, prorrogamos dicho término hasta el 24 de enero de 2025. Oportunamente, en esa fecha, la Apelante presentó ante nos *Moción en Cumplimiento de Orden.*

---

[10] *Véase* Entrada Núm. 161 de SUMAC
[11] Véase Entrada Núm. 163 y Núm. 164 de SUMAC.

En ajustada síntesis, Norfe argumentó que ya había notificado al foro primario anteriormente y que "bajo los hechos de esta Apelación, la pena capital de la desestimación como pena inicial para castigar defectos de notificación sería contraria al mandato expreso de la Ley de la Judicatura, así como a las normas jurisprudenciales vinculantes." Sin embargo, en su *Moción en Cumplimiento de Orden*, Norfe no adujo justa causa para el incumplimiento con el requisito de notificar al foro primario de la presentación de la Apelación dentro del término de setenta y dos (72) horas de su presentación.

## II

La Regla 14(B) del Reglamento de este Tribunal de Apelaciones 4 LPRA Ap. XXII-B, R.14(B), regula todo lo relacionado a la manera en que se debe presentar una apelación civil, particularmente en lo pertinente a su presentación y a su notificación. Estas disposiciones reglamentarias deben observarse rigurosamente para el correcto perfeccionamiento de los recursos. *Hernández v. Taco Maker*, 181 DPR 281,290 (2011).

En lo referente a la notificación al foro primario sobre la presentación de una Apelación, la citada regla dispone lo siguiente:

> (B) De presentarse el original del recurso de apelación en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente, **la parte apelante deberá notificar la cubierta o primera página del escrito de apelación debidamente sellada con la fecha y hora de presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, dentro de las <u>setenta y dos (72) horas</u> siguientes a la presentación del**

**escrito de apelación**. **Este término será de cumplimiento estricto**. (Énfasis suplido).

Para que un Tribunal pueda prorrogar un término de cumplimiento estricto es necesario que la parte justifique su incumplimiento por haber mediado justa causa. De no acreditarse justa causa, el Tribunal no tiene discreción para prorrogar el término en cuestión. *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000).

En *Soto Pino v. Uno Radio Group*, 189 DPR 84 (2013), el Tribunal Supremo reiteró la importancia del cumplimiento con la notificación al Tribunal de Primera Instancia de la cubierta o primera página del escrito dentro del término de cumplimiento estricto, conforme lo dispuesto por la Regla 14(B) del Reglamento del Tribunal de Apelaciones.[12] En esa ocasión, nuestro más Alto Foro elaboró sobre la obligación del apelante, recurrente o peticionario de acreditar con razones válidas cualquier desviación de dicha regla. En particular, expresó que "[l]a parte que actúa tardíamente debe hacer constar las circunstancias específicas que ameriten reconocerse como justa causa para prorrogar un término de cumplimiento estricto". *Soto Pino v. Uno Radio Group, supra*, a la pág.92.

Sobre estos extremos, en *Soto Pino v. Uno Radio Group*, el Tribunal Supremo reiteró lo siguiente:

> [l]a acreditación de la justa causa le impone una carga considerable a los abogados y a las partes que estén obligados a demostrarla. Hemos señalado que "[l]a acreditación de justa causa se hace con explicaciones concretas y particulares –debidamente evidenciadas en el escrito- que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora. **Las vaguedades y las excusas o los planteamientos estereotipados no cumplen con el requisito de justa causa**".[13] (Énfasis suplido).

---

[12] *Soto Pino v. Uno Radio Group, supra.*
[13] *Id. Febles* v. *Román*, 159 DPR 714,720 (2003)

Para que un tribunal pueda eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto, deben estar presentes las siguientes dos condiciones: (1) que en efecto exista justa causa para la dilación y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación; es decir, que la parte interesada acredite de manera adecuada la justa causa aludida. *Arriaga v. FSE*, 145 DPR 122,132 (1998).

Si la parte no acredita dichas circunstancias, un tribunal no tiene discreción para prorrogar el término y, por tanto, no puede considerar el recurso. No bastan meras vaguedades, excusas genéricas sin detalles, ni planteamientos estereotipados para satisfacer este requisito de mostrar justa causa. [14] "[S]in justa causa el incumplimiento con un término de cumplimiento estricto no se puede 'subsanar'". [15]

En lo pertinente, la Regla 83 (B)(2) y (C), del Reglamento del Tribunal de Apelaciones, 4 -B, R. LPRA Ap. XXII 83(B)(2)(C), faculta al Tribunal de Apelaciones a desestimar un recurso presentado fuera del término de cumplimiento estricto dispuesto por ley sin justa causa para ello, a solicitud de parte o a iniciativa propia.

III

Nada obra en el expediente que demuestre que Norfe cumpliera con los requisitos de la Regla 14 (B) del Reglamento del Tribunal de Apelaciones. Tampoco ha manifestado justa causa para su incumplimiento. En su *Moción en Cumplimiento de Orden* Norfe no aduce justa causa para la dilación, ni ha

---

[14] *Soto Pino v. Uno Radio Group, supra, a la* pág. 93.
[15] *Id.*, a la pág. 96.

demostrado fundamentos razonables, si alguno, para el incumplimiento con el requisito de cumplimiento estricto de notificación al foro primario sobre la presentación de la Apelación, dentro del término de setenta y dos horas, según lo exige la Regla 14 (B) del Reglamento del Tribunal de Apelaciones.

Para que pudiéramos eximir a la Apelante del requisito de observar fielmente dicho término de cumplimiento estricto, era necesario que Norfe acreditara la existencia de justa causa con explicaciones concretas y particulares debidamente evidenciadas.[16] Su omisión no nos permite concluir que existiera una base razonable en la demora en la notificación al foro primario. Toda vez que la Apelante no acreditó dichas circunstancias, carecemos de discreción para prorrogar el término de setenta y dos (72) horas para la notificación al foro *a quo* de la presentación de la Apelación dispuesto en la Regla 14 (B), y por tanto no podemos considerar su recurso.

Norfe presentó la Apelación en el caso de epígrafe el 5 de diciembre de 2024 y notificó al foro primario de su presentación el 18 de diciembre de ese año, el mismo día en el que le requerimos acreditar el cumplimiento con la Regla 14 (B) del Reglamento del Tribunal de Apelaciones. Ante la ausencia de justa causa para la demora, el incumplimiento con dicho término de cumplimiento estricto no se puede subsanar, por lo que conforme a lo dispuesto en la Regla 83 (B)(2) del Reglamento del Tribunal de Apelaciones procede, la

---

[16] *Véase Soto Pino v. Uno Radio Group, supra.*

desestimación de la Apelación presentada ante nos por Norfe el 5 de diciembre de 2024.

IV

Por los fundamentos anteriormente expuestos, los cuales hacemos formar parte de esta Sentencia, desestimamos la Apelación presentada por Norfe.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. La Jueza Brignoni Mártir disiente sin opinión escrita.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones